WILLIAM D. COLE et al., Appellants, *v.* WILLIAM S. GOURLAY et al., Respondents.

Under the provision of the Revised Statutes (1 R. S., 749, § 3), which provides that the title of a *bona fide* purchaser, for a valuable consideration, from the heirs-at-law of a person who died seized of real estate, shall not be defeated or impaired by a devise by such person of the real estate so purchased, unless the will containing the devise shall have been duly proved or recorded within four years after the death of the testator, except, among other things, where it appears that the will has been concealed by the heirs or some one of them, the exception does not apply where the devisees or some one of them have knowledge and possession of the will, and it is taken from such possession clandestinely by an heir and secreted or destroyed; it only applies to a concealment, which leaves the devisees in ignorance of their rights under the will, and deprives them of knowledge of its existence.

Under the provisions of the Revised Statutes, in relation to the sale of the real estate of infants (2 R. S., 194, § 170, *et seq.*), it is not essential that the infant should join in the petition for such sale; it may be made by the next friend or guardian alone.

The rule of the Court of Chancery (rule 158), requiring an infant to join when he is over fourteen years of age, was a mere regulation of practice, which the court had power to waive, and did not affect the jurisdiction or invalidate a sale under the proceedings.

So, also, said court had power to dispense with the provision of said rule, requiring corroborating affidavits; and with that requiring the petition to be by the general guardian of the infant, or to show that he has none.

Where a petition shows that the application was made for and on behalf of the infants, by one entitled to represent them, as provided in said statute, and is in conformity with its requirements, this is sufficient.

An order of the Court of Chancery in such proceedings adjudged that the special guardian who signed the petition should execute a sufficient conveyance of the interest of the infants; a deed was executed by him in his own name as special guardian; the names of the infants appeared in the deed. *Held*, that the deed was in proper form; that it was not necessary to have it executed in the name of the infants.

In an action of ejectment, plaintiffs claimed under a devise in the will of their father who died in 1836. The devise was to the wife of the testator for life, remainder to plaintiffs. The will after the death of the testator went into the possession of his widow, who was named therein as executrix. In 1841 the will was clandestinely taken by one of the plaintiffs and concealed until 1855, when it was presented for probate. In 1841 proceedings were instituted in the Court of Chancery under the statute to sell the real estate in question, all of the heirs-at-law of the deceased being minors. By virtue of an order in such proceedings the interests of the minors in the premises were sold and conveyed to S. in 1841, who was a purchaser in good faith, for value, without notice of the will. S. and his successors in interest have occupied, claiming title, since that time. Defendant claimed under said deed to S. One of the plaintiffs became of age in 1844, the other in 1847. *Held*, that S. acquired a good title, which was not affected by the devise; that the case was not affected by the exception in said provision of the Revised Statutes, providing, that where the devisee is a minor, the limitation shall not commence to run until one year after he becomes of age, as more than five years had run after plaintiffs became of age, before the will was produced for probate; and that the exception above specified in case of concealment, had no application.

(Submitted December 19, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 9 Hun, 493.)

This was an action of ejectment to recover possession of certain premises situate in the city of Ogdensburgh.

Joseph Cole, father of the plaintiffs, died in 1836, seized of the premises, and leaving a widow and four children, all minors, him surviving. He left a will, by which he devised the same to his wife for life, remainder to plaintiffs; the wife was appointed sole executrix. The court found that in 1841 one of the plaintiffs clandestinely took this will from

the trunk of his mother, in whose custody it then was, and retained it until April 5, 1855, when he presented it for probate to the surrogate of St. Lawrence county.

In February, 1841, Joseph Arnold, the uncle of the infants, as their next friend, presented a petition on their behalf to the late Court of Chancery, praying for the sale of said infants' real estate, including the premises in question, in which the petitioners stated they had an interest; in which petition the widow joined. Plaintiffs, who were then over fourteen years of age, did not join. No corroborative affidavits accompanied the petition.

On such petition the matter was, by an order of the court, referred to a master, who made his report, upon which an order for the sale of the premises was made, which directed the guardian of the infants to sell and convey. A sale was made at public auction, pursuant to said order, to one Sherman, for $733.33, he being the highest bidder. Said Arnold having been appointed guardian *ad litem* by the court, and having executed and filed the necessary bonds, executed a deed in June, 1841, to the purchaser on behalf of the infants, in which the widow joined. Arnold executed the deed in his own name as guardian. Sherman, in April, 1846, conveyed said premises to William Kendrick. The defendants entered into possession under Kendrick more than twenty years prior to the commencement of this action, and have continued in possession ever since, claiming adversely to the plaintiffs. Neither Kendrick nor the defendants had any knowledge of this will, nor did Sherman have any knowledge of it until after his purchase. The widow died in 1867. One of the plaintiffs became of age on the 13th day of October, 1844, and the younger became of age on the 26th day of June, 1847.

Further facts appear in the opinion.

*Russell & Poste*, for appellants. Plaintiffs' title was not divested by the proceedings in chancery. (*Rogers* v. *Dill*, 6 Hill, 415; *O'Reilly* v. *King*, 2 Robt., 592; *Forman* v.

*Marsh*, 11 N. Y., 551; *Onderdonk* v. *Mott*, 34 Barb., 110; *Baker* v. *Lorillard*, 4 N. Y., 266; *Matter of Whitlock*, 32 Barb., 48.) The plaintiffs, pending the life of their mother, were not seized of any real estate, and were not within the provision of the statute ; as it requires them to be seized of the land sought to be sold. (*Baker* v. *Lorillard*, 4 N. Y., 266; *Durando* v. *Durando*, 23 id., 331, 332; *Green* v. *Putnam*, 1 Barb., 506; *Dunham* v. *Osborn*, 1 Paige, 635; *Reynolds* v. *Reynolds*, 5 id., 161.) The deed was not executed, by or in the name of the plaintiffs, and is the deed of Joseph Arnold, the special guardian, personally. (*Seely* v. *Hyatt*, 11 N. Y., 55; *Moss* v. *Livingstone*, 4 id., 208.) Plaintiffs' claim to the lands is not barred by the statute of limitations. (*Jackson* v. *Selleck*, 8 J. R., 207; *Moore* v. *Jackson*, 4 Wend., 49; *Jackson* v. *Schoonmaker*, 4 J. R., 402; *Jackson* v. *Johnson*, 5 Cow., 95, 104; *Fogal* v. *Firro*, 10 Bosw., 100–116; *Clark* v. *Hughes*, 13 Barb., 147–152; *Learned* v. *Talmage*, 26 id., 454; *Burnham* v. *Van Zandt*, 7 N. Y. [3 Seld.], 523; *Learned* v. *Talmadge* ; *Burnham* v. *Van Zandt, supra.*)

*Geo. Morris*, for respondents. The proceedings in chancery were substantially regular, and gave good title to the purchaser. (*O'Reilly* v. *King*, 28 How. Pr., 409; 2 Robt. Rep., 587; *Matter of Whitlock*, 32 Barb., 48; 19 How., 380; *Matter of Congdon*, 2 Paige, 556; 1 R. S. [m. p.], 730, § 66; *Davison* v. *De Freest*, 3 Sandf. Chy. R., 464; 2 R. S. 194, § 173; *Howell* v. *Mills*, 7 Lans., 195, 196; 1 R. S., 723, §§ 7–11; *Brevoort* v. *Brevoort*, 70 N. Y., 136; 11 Hun, 351; 7 N. Y. Wkly. Dig., 148.) The subsequent discovery and probate of the will, in no way affected the title of the purchaser under the chancery proceedings. (1 R. S., 784, § 3; *Jackson* v. *Given*, 8 J. R., 140, 141; *Demarest* v. *Wyncoop*, 3 Johns. Chy. R., 147; *Griffith* v. *Griffith*, 9 Paige, 317, 318; 1 R. S. [5th ed. m. p.], 737, § 144; *Wood* v. *Mather*, 38 Barb., 473; 3 Sandf. Chy. R., 456; *Brevoort* v. *Brevoort*, 70 N. Y., 136; *In re Price*, 67 id., 231.) The plaintiffs right of action is barred by lapse of time. (Code, § 88, also

§§ 78, 82; 2 R. S., 295, §§ 5, 9, 16; 2 id., 294, § 11; Code of Proc., § 82.)

MILLER, J. The defendants' title is derived by virtue of certain proceedings to sell the real estate of the infant children of Joseph Cole deceased. These proceedings were instituted upon the theory that the deceased died without leaving a last will and testament, and a deed was executed to one Sherman in 1841, who took possession under the same, and occupied until 1846, when he conveyed to William Kendrick, under whom the defendants have occupied the premises, claiming adversely to the plaintiffs for more than twenty years. The plaintiffs claim that the title to the land was not divested by the proceedings and the conveyance in pursuance thereof, for the reason that Joseph Cole died leaving a last will and testament by which he devised the lands in question to his widow for life and to plaintiffs after the death of their mother, and hence the infants were not seized of or entitled to any interest in the land sought to be sold within the provision of 2 Revised Statutes, 194, section 170; and that the sale was made in violation of section 176, 2 Revised Statutes, 195, which declares that no real estate shall be sold etc., "in any manner against the provisions of any last will, or of any conveyance, by which such estate or term was devised to such infant."

If this will was effective at the time of the sale to Sherman, then no title passed, under the proceedings. The proof shows that it was in possession of the widow after the decease of the testator in 1836; that it was taken by the plaintiff, William D. Cole, from his mother's trunk, in the early part of the year 1841, and retained concealed about his person until presented to the surrogate for probate in 1855. The defendants insist that the subsequent production and proof of the will in no way affected the title of the purchaser, under the proceedings for a sale; that they hold under a purchase made in entire good faith and for a valuable consideration, and therefore the will is inoperative; and that they acquired

a good title, which is fully protected by the statute, which provides that "the title of a purchaser, in good faith and for a valuable consideration, from the heirs-at-law of any person who shall have died seized of real estate, shall not be defeated or impaired by virtue of any devise made by such person of the real estate so purchased, unless the will or codicil containing such devise shall have been duly proved as a will of real estate, and recorded in the office of the surrogate having jurisdiction, or of the register of the Court of Chancery, where the jurisdiction shall belong to that court, within four years after the death of the testator, except : 1. Where the devisee shall have been within the age of twenty-one years, or insane, or imprisoned, or a married women, or out of the State at the time of the death of such testator, or, 2. Where it shall appear that the will or codicil containing such devise shall have been concealed by the heirs of such testator, or some one of them.    In which several cases, the limitation contained in this section shall not commence until after the expiration of one year from the time when such disability shall have been removed, or such will or codicil shall have been delivered to the devisee or his representative, or to the proper surrogate : " (1 R. S., 749, § 3.)

It appears from the finding of the judge upon the trial that neither Sherman nor Kendrick had any knowledge of the will until after the purchase made by them respectively ; and the proof shows that such purchases were made for a valuable consideration and in good faith.    There is some evidence of the declarations of Sherman, after he had purchased and while he owned the premises, to the effect that he had knowledge of the existence of the will ; but this is not material, as it is not proved that he had knowledge or any reason to suppose that there was a will prior to such purchase.    If Sherman was a *bona fide* purchaser for a valuable consideration, his title as such inured to the benefit of Kendrick, and he is entitled to protection within the authorities, even if he had notice of the will and did not pay a valuable consideration : (*Wood* v. *Chapin*, 13 N. Y., 509 ;

*Webster* v. *Van Steenbergh*, 46 Barb., 211.) It is not to be denied, as the evidence stands, that Sherman and Kendrick both purchased without knowledge that the will existed, and the defendants hold possession under Kendrick as tenant.

As the grantees named were *bona fide* purchasers of the heirs for a valuable consideration, and the will was not proved and recorded within four years after the testator's death, they are within the precise terms and limitation of the statute, unless one or more of the exceptions named in the statute applies and prevents its operation. The only exceptions which have any bearing are those which relate, first, to the minority of the devisee at the time of the testator's death; and second, where it appears that the will containing the devise has been concealed by the heirs of the testator, or some one of them. As to the former, the plaintiffs being minors at the time of the testator's death, the limitation named in the statute would only begin to run, as therein provided, one year after the minors respectively arrived at the age of twenty-one years. One of them became of age in 1844, and the other in 1847. If one year be added to the limitation of four years, making five years after the removal of the disability from the youngest one of the plaintiffs, the time would expire in 1852. The will not being proved and recorded until 1855, over five years after the limitation, the title acquired under the proceedings to sell was not affected, and the will was of no force as to the purchaser and those claiming under him, assuming, as we think should be done, and as was manifestly the case, that the purchase was made in good faith and for a valuable consideration. In regard to the second exception, we are of the opinion that it has no application to the facts presented in the case at bar ; but it relates to a concealment which leaves the devisees in ignorance of their rights under the will, and deprives them of knowledge of its existence. Certainly the statute cannot relate to a case where the devisees or some of them, have knowledge or possession of the will, and it is taken from the possession of one by another clandestinely

and secreted for a great length of time, or perhaps destroyed. The will was delivered to the widow, who was executrix and one of the devisees having a life estate, and remained in her possession for a number of years. It is fairly to be inferred that she had knowledge of the character of the instrument, and there can be no question that the son who purloined and concealed it about his person for fifteen years had such knowledge. The case was not one of concealment, within the statute, but of a will which was stolen from the person who was the proper custodian. Under such circumstances, ample relief exists at law against the wrong-doer, and the provision considered has no application: (2 R. S. [Edm. ed.], 69, § 63; *Harris* v. *Harris*, 26 N. Y., 433; *Schultz* v. *Schultz*, 35 id., 653.) Even if the statute could be interpreted as covering such a case, William certainly would be concluded by the limitation as a devisee in possession of the will for the period of fifteen years before it was presented for probate and over five years after he became of age. But as to both plaintiffs, under these circumstances the will could not affect the title acquired by a *bona fide* purchaser for value from the heirs of the testator. As we have seen, a case of concealment was not made out, and hence the plaintiffs are not within the exception last considered.

The result must be that the limitation contained in the statute is a defence to the claim of the plaintiffs under the testator's will, and the right of the defendants cannot be affected thereby, provided title was lawfully acquired by Sherman under the proceedings in chancery for the sale of the land. We think that the conveyance to him transferred the interest of the plaintiffs in the premises. It is insisted that the plaintiffs' title was not divested, and several grounds are urged against the validity of the proceedings. So far as the will is concerned, it is already apparent that it cannot affect the rights of the purchaser; and in this respect he must be regarded as having acquired title the same as if the will had no existence.

It is said, however, that the court had no jurisdiction

either of the person or the subject-matter, as the statute applies only to an infant, and the plaintiffs never did apply, and the application was made by one Joseph Arnold, who applied in his own name, and not in the name of the infant. The petition is by Joseph Arnold, next friend of the infants, and stated that they had an interest in the premises. This sufficiently shows that the application was for and on their behalf, by a party entitled to represent them, and was in conformity with the provisions of the statute. (2 R. S., 194, §§ 170, 175.) It is a sufficient answer to the objection that the proceedings were irregular because the plaintiffs did not join it, that the statute provides that application may be made by the next friend or guardian, and does not require that the infant should unite in the petition with such next friend or guardian. The rule of the court requiring this to be done if the infant is over fourteen years of age, is a mere regulation as to the practice which the court has the power to waive, and does not affect the jurisdiction of the court where there has been a substantial compliance with the law.

It is said there were no corroborating affidavits, as was also required by a rule of the court. This also may be dispensed with by the court itself. No particular form is required, and it is sufficient to confer jurisdiction on the court if the proceedings are in conformity with the general purposes of the statute. A mere departure from a rule of the court does not impair the validity of the proceedings. (*O'Reilly* v. *King*, 28 How. Pr., 408, 411, 413.)

The last remarks will also apply to the objection that the petition was not by the general guardian, and does not show that he had any. The master's report, as contained in the record, purports to be signed by him, and the deed was not, we think, defective because it was signed by Joseph Arnold. The order of the court adjudged that Joseph Arnold, the special guardian, should execute a sufficient conveyance of the interest of the infants, naming them. It did not require that it should be in their names, although such names appear in the deed and he conveyed as their special

guardian. The deed was in compliance with the direction of the court and was sufficient. The authorities cited by the appellant are not adverse to this interpretation.

Other points are presented, but the views expressed dispose of the case, and a consideration of them is not required.

The judgment should be affirmed.

All concur.

Judgment affirmed.