Morton R. Fox et al., Appellants, *v.* James Fee et al., Respondents.

1. LIMITATION OF ACTIONS — CODE CIV. PRO. § 2628 — CHILDREN BORN AFTER TESTATOR'S DEATH. Section 2628 of the Code of Civil Procedure (2 R. S. 59, § 18), providing that the purchasers of real property in good·faith for a valuable consideration from the heirs of one dying seized thereof, shall not be affected by a devise of the property made by the latter, unless within four years after his death the will devising the same is either admitted to probate and recorded as a will of real property, or established by the final judgment of a court of competent jurisdiction, but that if "at the time" of his death the devisee is "within the age of twenty-one years," such limitation does not begin to run until after the expiration of one year from the removal of such disability, has no application to children not born until years after the testator's death.

2. CONCEALMENT OF WILL. The concealment of a will which prevents the running of the four-year limitation provided by that section is not shown by the fact that after the death of one of the heirs it was found among comparatively valueless papers in his house, and it was proved that after the death of the testator all the heirs knew of its existence and contents, since the concealment intended by the statute is such as leaves the devisees ignorant of their rights under the will and deprives them of knowledge of its existence.

*Fox* v. *Fee*, 33 App. Div. 627, affirmed.

(Argued March 15, 1901; decided April 30, 1901.)

APPEAL from a judgment entered in favor of defendant August 1, 1898, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, overruling plaintiffs' exceptions ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment for the defendants upon the verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Van Voorhis* for appellants. The will of December 27, 1866, was concealed by Charles M. Fox and its existence was not known to plaintiffs until it was found among his papers after his death. (*Briggs* v. *Angus*, 3 Dem. 93; *Barry* v. *Brown*, 2 Dem. 309 ; *Dyer* v. *Irving*, 2 Dem. 160;

*Matter of Hammond,* 16 N. Y. S. R. 977; *Burnham* v. *Comfort,* 108 N. Y. 535; *Mead* v. *Mitchell,* 17 N. Y. 210.)

*Henry Selden Bacon* for respondents. The claim under the will, discovered and admitted to probate without notice to those who had bought the estate in reliance upon the testator's intestacy, is made too late. (Code Civ. Pro. § 2628; *Doody* v. *Hollwedel,* 22 App. Div. 456.) There was no concealment of the will. The one in whose possession it had been for thirty years from the testator's death had brought an action, and presented it in evidence before a referee, thereby making a public record of the fact that such a will existed. (*Cole* v. *Gourlay,* 79 N. Y. 527.)

Martin, J. This appeal cannot prevail. The action was ejectment. Henry Fox was the common source of title. The defendants hold under conveyances from his heirs at law and widow. The plaintiffs base their title upon a will made by him in December, 1866, which, although he died in October, 1867, was not admitted to probate until 1896.

As a defense the defendants allege that they were purchasers of the premises in good faith and for a valuable consideration from the heirs of Henry Fox, who died in 1867, seized of the premises in question, and that no will devising them made by Henry Fox was, within twenty-eight years after his death, either admitted to probate or recorded in the office of the surrogate of Monroe county, or established by the final judgment of any court, except that a certain instrument in writing was, shortly after his death, admitted to probate by the surrogate of said county, but was, on the twenty-first of August, 1869, in an action in the Supreme Court in which all the parties interested under said pretended will were parties, adjudged and decreed by a judgment of that court to be void for the incompetency of the alleged testator. All these facts were established upon the trial and were undisputed.

It was formerly provided by the Revised Statutes and now by the Code of Civil Procedure that under circumstances,

such as are alleged and established in this case, a purchaser
shall not be affected by a devise of real property made by a
person who died seized of it.   But it also provides that if at
the time of the testator's death the devisee is within the age
of twenty-one years, or if the will was concealed by one or
more of the heirs of the testator, the limitation of four years
created by that statute does not begin until the expiration of
one year from the removal of such disability, or the delivery
of the will to the devisee or his representatives, or to the
proper surrogate.   That the defendants were purchasers in
good faith and for a valuable consideration was firmly estab-
lished upon the trial.   One of the defendants testified, with-
out contradiction, that he knew nothing of the alleged will
until a year preceding the trial, and that the consideration of
the deed to him was eight thousand two hundred and fifty
dollars.   As this proof was corroborated by the deeds and
was uncontroverted it must be regarded as true.

The appellants seek to avoid the effect of this four years'
limitation upon the grounds: 1. That at the time of the
testator's death, the plaintiffs, who claim to be devisees under
his will of 1866, were within the age of twenty-one years;
and, 2, that the will was concealed by one or more of the
heirs of the testator.   We think it impossible to properly
hold that the plaintiffs were within the age of twenty-one
years at the death of the testator.   They were not then born,
nor were they born until years afterwards.   Certainly this
exception was not intended to cover unborn children, espe-
cially before gestation.   If this exception were to be extended
to such a case, titles to real estate would become unsettled and
rest upon doubtful and uncertain foundations.

The contention of the appellants, that the will of 1866
was concealed by one of the heirs of the testator, and, hence,
falls within another exception to the limitation provided by
the statute, is unfounded.   In 1869 a litigation arose between
the heirs at law of the decedent to which they and the widow
were parties, whereby it was sought to set aside a subsequent
will of the testator on the ground of his incompetency.   Dur-

ing the progress of that litigation the will of 1866 was intro-
duced in evidence, and was made a part of the record. The
only proof of concealment contained in the appeal book is that
after the death of Charles Fox, the plaintiff's father, the will
was found among other comparatively valueless papers in a
box in an unfastened trunk in the attic in the house where
he had lived. It is obvious that the existence of that will was
known to the decedent's widow, the plaintiff's father, and to
all the other heirs of the decedent at the time of that trial,
and that they were apprised of its contents. The concealment
intended by the statute is such as leaves the devisees ignorant
of their rights under the will, and deprives them of knowl-
edge of its existence. The statute does not relate to a case
where the devisees or some of them have knowledge or pos-
session of the will, and it is taken from the possession of one
by another and secreted or destroyed. (*Cole* v. *Gourlay*, 79
N. Y. 527, 533.) To establish concealment of a will within
the meaning of the law, something more than mere silence or
inaction must be shown. There must be some act, arrange-
ment or contrivance of an affirmative character, where the
purpose or design is to prevent its discovery.

On the trial the plaintiffs requested the court to submit to
the jury the question whether the will of 1866 was concealed
within the meaning of the statute. This request was denied,
and the plaintiffs excepted. We think there was not sufficient
evidence to require or to justify the submission of that ques-
tion, and that the court properly declined.

Although a number of other interesting questions were dis-
cussed upon the argument and upon the briefs of counsel, still,
as the statute which we have considered is a bar to the plain-
tiffs' action, it becomes unnecessary to decide or specially dis-
cuss them at this time.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT and CULLEN, JJ., con-
cur; VANN, J., dissents; WERNER, J., not sitting.

Judgment affirmed.