JOHN S. ALLEN, Appellant, *v.* FRANK X. KELLY, as Administrator of JOHN KELLY, Deceased, Respondent, Impleaded with Another.

171    1
s171  656

GUARDIAN AND WARD — LIABILITY OF SURETIES UPON GUARDIAN'S BOND — ORDER DIRECTING PAYMENT TO GUARDIAN OF PROCEEDS OF REAL ESTATE SOLD FOR SUPPORT OF WARD WITHOUT REQUIRING ADDITIONAL SECURITY. The sureties upon the bond of a general guardian requiring him to "faithfully discharge the trust reposed in him and obey the lawful directions of the surrogate touching the trust and to render a just and true account of all moneys and other property received by him," are liable for the proceeds of real estate sold under an order of the County Court made pursuant to the report of a referee in a proceeding instituted to procure the sale, to the effect that they were absolutely necessary for the support and maintenance of the ward in addition to what he was able to earn by his own exertions, which proceeds were paid over to the guardian without requiring from him additional security, since under the Code of Civil Procedure (§§ 2348, 2360-61) and the General Rules of Practice (No. 59) the court had the right, in its discretion, to make the order for the purpose specified without requiring such security.

*Allen* v. *Kelly*, 66 App. Div. 623, reversed.

(Submitted April 4, 1902; decided April 15, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1901, affirming a judgment in favor of plaintiff for a portion of the claim sued for, entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George E. Warner* and *John B. Kiley* for appellant. The sureties upon the guardian's bond continued liable after the infant arrived at the age of fourteen years. (Code Civ. Pro. § 2828.) The Surrogate's Court had jurisdiction of the proceedings instituted by Kathryn T. Fahy, executrix of the deceased guardian, and the decree made is binding upon the sureties. (Code Civ. Pro. §§ 2472, 2606, 2849.) This action can be maintained without the issuing of an execution upon the surrogate's decree. (Code Civ. Pro. § 2606 ; *Potter* v. *Ogden,* 65 Hun, 17 ; 136 N. Y. 384 ; *Martin* v. *Potter,* 32 App. Div. 602.) The decree of the Surrogate's Court is, unless impeached for fraud, conclusive as against the sureties of the guardian as to the amount due from the guardian to the ward. (*Martin* v. *Porter,* 32 App. Div. 602 ; *Altman* v. *Hofeller,* 152 N. Y. 502 ; *Scofield* v. *Churchill,* 72 N. Y. 565 ; *Powers* v. *Speckman,* 126 N. Y. 359 ; *Gerould* v. *Wilson,* 81 N. Y. 573 ; *Deobold* v. *Opperman,* 111 N. Y. 531 ; *Douglas* v. *Ferris,* 138 N. Y. 201 ; *Matter of Sandison,* 72 Hun, 160 ; *Matter of Noll,* 41 N. Y. Supp. 765 ; *Harrison* v. *Clark,* 87 N. Y. 572.) The surrogate's decree is binding upon the sureties as to the amount found due the ward, notwithstanding the reservation contained in the decree in favor of the sureties. (Code Civ. Pro. § 2472 ; *Altman* v. *Hofeller,* 152 N. Y. 500.) The remedy of the sureties was by appeal from the decree. (Code Civ. Pro. §§ 2568, 2569.) The defendants are liable for the $970.32, the amount received by the guardian from the sale of his ward's real property. (Code Civ. Pro. §§ 2830, 2892 ; *Matter of Brown,* 72 Hun, 160 ; *Cole* v. *Gourley,* 79 N. Y. 527 ; *Rothschild* v. *Thorman,* 14 App. Div. 399 ; *Matter of Noll,* 41 N. Y. Supp. 765 ; *Elbert* v. *Jacoby,* 8 Barb. [Ky.] 542 ; *Withers* v. *Hickman,* 6 B. Mon. 292 ; *Taylor* v. *Taylor,* 6 B. Mon. 560 ; *Gottsberger* v. *Taylor,* 19 N. Y. 150 ; *Scofield* v. *Churchill,* 72 N. Y. 565 ; *Casoni* v. *Jerome,* 58

N. Y. 321.) The sureties cannot take advantage of the fact that the infant did not join in the petition for the sale of his real estate, or that additional security was not required. (*Rhodes* v. *Caswell*, 41 App. Div. 229; *M. L. Ins. Co.* v. *Schwaner*, 36 Hun, 378; 101 N. Y. 681; *Taylor* v. *Klein*, 47 App. Div. 343; *Dodge* v. *St. John*, 96 N. Y. 263.)

*Charles M. Williams* for respondent. The sale of real estate, from which said $970.32 was derived, was a separate proceeding conducted in another court, and was not within the liability or purview of the general guardian's bond. (*Allen* v. *Kelly*, 55 App. Div. 454; *Johnson* v. *Ayres*, 18 App. Div. 495; *Blanchard* v. *Blanchard*, 35 Misc. Rep. 285; *Muir* v. *Wilson*, 1 Hopk. Ch. 512; *Bunce* v. *Bunce*, 65 Iowa, 106; *Williams* v. *Morton*, 38 Me. 47; 61 Am. Dec. 229; *Judge* v. *Toothaker*, 83 Me. 195; *State* v. *Harbridge*, 43 Mo. App. 16; *Henderson* v. *Coover*, 4 Nev. 429; *Andrews Case*, 3 Humph. [Tenn.] 592.) No default of defendant Kelly was established. (*Hood* v. *Hood*, 124 N. Y. 1; 85 N. Y. 561; *Prentice* v. *Weatherly*, 68 Hun, 114; *Matter of Williams*, 26 Misc. Rep. 636; *Bieder* v. *Steinhauer*, 15 Abb. [N. C.] 428; *Betz* v. *Avery*, 46 App. Div. 342; *Perkins* v. *Stimmel*, 114 N. Y. 367; *Hood* v. *Hood*, 85 N. Y. 561; *Loop* v. *Northrop*, 59 Hun, 77.)

HAIGHT, J. This action was brought to recover of the sureties upon the bond of James W. Fahy, as general guardian of the plaintiff, the balance of moneys in the hands of such guardian belonging to the plaintiff.

Fahy was appointed general guardian of the plaintiff on the 23d day of June, 1885, by the surrogate of Monroe county upon his giving a bond to the plaintiff in the usual form in the sum of two thousand five hundred dollars, conditioned that Fahy, upon being appointed such general guardian, " shall in all things faithfully discharge the trust reposed in him and obey all lawful directions of the surrogate touching the trust, and shall render a just and true account of all money and

other property received by him, and of the application thereof and of his guardianship whenever he is required so to do by a court of competent jurisdiction." The bond is under seal, signed by the guardian and by John Fahy and John Kelly as his sureties. John Kelly, having died since this action was brought, Frank X. Kelly, as the administrator of his estate, has been duly substituted as defendant. The guardian died April 3d, 1898, and his wife was appointed executrix under his last will and testament. A new general guardian of the plaintiff was appointed and an accounting was had before the surrogate with the executrix of the deceased guardian, resulting in a decree of the surrogate finding a balance due the plaintiff of $1,685.77, which was ordered to be paid over to the new guardian. It now appears that this balance was made up of two items, one of $970.32, being the proceeds of the sale of the real estate of the plaintiff during the time that he was an infant, and the other item being the proceeds of his personal estate. Of the balance so found due the executrix paid over the sum of $552.33 without specifying whether it should be applied upon the proceeds of the real estate or of the personal property in her hands belonging to the plaintiff.

The plaintiff, having arrived at full age, brought this action to recover the balance unpaid, amounting to the sum of $1,133.44. The trial court awarded him judgment for the sum of $163.12, with interest, as the balance of the proceeds of the personal estate of the plaintiff and refused to allow him judgment for the $970.32, which was the proceeds of the sale of his real estate.

A number of questions have been raised with reference to the jurisdiction of the court and the regularity of the proceeding for the sale of the real estate of the plaintiff during the time that he was an infant, but these questions have all been properly answered by the Appellate Division and by the case of *Cole* v. *Gourlay* (79 N. Y. 527, 535) and do not require further consideration here. There is but one question upon which the judges of the Appellate Division differed, and that

is as to the liability of the sureties upon the bond of the general guardian for the proceeds of the real estate which was paid over to him.

In considering this question we have thought it advisable to inquire more fully with reference to the nature and character of the proceedings that were instituted for the purpose of the sale of the plaintiff's real estate. It appears that the petition for such sale was addressed to the County Court of Monroe county and that it was signed by the general guardian. Upon this petition a special guardian was appointed and a reference ordered. The referee, in his report to the court, found that the infant was in absolute need of all of the proceeds of such sale for the purpose provided in section 2348 of the Code of Civil Procedure in addition to what he might earn by his own exertions. This report was confirmed, a sale ordered and the proceeds, after deducting the costs, were directed to be turned over to the general guardian. Under this order the $970.32 in dispute was paid over to the general guardian. Section 2348 of the Code of Civil Procedure, alluded to in the report of the referee, provides, among other things, that the real estate belonging to an infant may be sold for the maintenance and necessary education of the infant and his family. The order directing the proceeds of the sale to be turned over to the general guardian did not specify the purpose for which it was to be devoted and did not require additional security from him upon improved and unincumbered real estate. We must, therefore, assume that it was made pursuant to the report of the referee, which was to the effect that all of the proceeds of the sale were absolutely necessary for his support and maintenance in addition to what he was able to earn by his own exertions, and which report the court confirmed. This is what the court had the right, in its discretion, to do. It is in accord with the General Rules of Practice which provide that " no moneys arising from the sale of the real estate of an infant shall be paid over to his general guardian *except so much thereof* or the interest or income from time to time as may be necessary for his support

or maintenance, unless such guardian has previously given
sufficient security on improved and unincumbered real estate
to account to the infant for the same in the usual form."
(Rule 59.) It thus appears that where the interest or income
is not sufficient for the support or maintenance of the infant,
the proceeds of the real estate, or so much thereof as may be
necessary for that purpose, may be paid over to the guardian
without additional security. "From the time of the filing of
a petition, by or in behalf of an infant, praying for an order
directing a conveyance, or a sale, * * * of his real prop-
erty, or of an interest in real property, the infant is considered
a ward of the court, with respect to that real property or
interest, and the income and proceeds thereof." (Code Civ.
Pro. § 2360.) "The court must, by order, direct the disposi-
tion of the proceeds of such a sale, mortgage or lease. It
must direct the investment of any portion thereof belonging
to the infant or incompetent person, which is not needed for
the payment of debts, or the safe keeping, or *the immediate
maintenance and education, of himself or his family.*" (Code
Civ. Pro. § 2361.) The rule to which we have referred is
based upon these provisions of the Code. The court is
required to consider the infant as its ward and care for its
real property, and in case of a sale, see to it that the proceeds
are properly invested, except such portions thereof as may be
necessary for the maintenance and education of the infant or
his family, and such other purposes as are specifically men-
tioned in the statute.

A guardian may be appointed of the person of an infant
or of his property or both. If he is appointed the guardian
of the infant's property it becomes his duty to appropriate so
much thereof as may be necessary for his support and main-
tenance and account therefor to the surrogate or such court as
may have jurisdiction. It having, therefore, been determined
that the proceeds derived from the sale of the real estate was
necessary for the support and maintenance of this infant it
was entirely proper for the court to turn the fund over to his
general guardian, who by law was charged with the duty of

providing for such support and maintenance. (Jessup's Sur. Prac. p. 1212; *Clark* v. *Montgomery*, 23 Barb. 464; Code Civ. Pro. §§ 2746, 2846.)

The bond in this case, as we have seen, required the guardian to faithfully discharge the trust reposed in him and obey the lawful directions of the surrogate touching the trust and to render a just and true account of *all moneys and other property received by him.* The sureties undertook that he would do this. The $970.32 having come to the hands of the guardian for the support and maintenance of the infant, it became his duty to account therefor and pay over as directed by the decree of the surrogate. Failing to do this the sureties became liable therefor.

We do not deem it necessary at this time to determine whether the sureties upon a general guardian's bond would be liable in case the court should direct the payment of the proceeds arising from the sale of the real estate of infants to the general guardian for investment without additional security. We will not anticipate or assume that any court in this state, having jurisdiction to sell the real estate of infants and invest the proceeds, will ever make such an order, and thus violate the provisions of the Code and the express requirements of the rule of the court alluded to.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur.

Judgment reversed, etc.