### ROSENFELD v. MILLER.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. GUARDIAN AND WARD (§ 83*)—SALE OF LAND—PETITION—JOINDER BY INFANT
—NECESSITY.
Under Code Civ. Proc. § 2349, requiring an application to sell an infant's realty to be made by petition of the general guardian, or the guardian of the property, or by any relative or other person, and, where the application is in behalf of an infant 14 years old or upwards, requiring the infant to join therein, an infant over 14 years old must join in the petition when it is by the general guardian or guardian of the property, as well as when it is by a relative, etc.
[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 338; Dec. Dig. § 83.*]

2. GUARDIAN AND WARD (§ 83*) — SALE OF LAND — JURISDICTIONAL DEFECTS —
FAILURE OF INFANT TO JOIN IN PETITION.
Code Civ. Proc. § 2349, providing that, where an application to sell an infant's land is made on behalf of an infant 14 years old or upwards, the infant must join therein, is jurisdictional, and the failure of such an infant to join vitiates the sale.
[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 338; Dec. Dig. § 83.*]

Submitted controversy without action by Monroe Rosenfeld against Charles M. Miller. Judgment for plaintiff.

The question is whether the title offered by the defendant to the plaintiff is good. It comes through a sale or real property of two infants under section 2348 et seq., of the Code of Civil Procedure, one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of whom was over 14 years of age and did not join in the petition to sell.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

T. C. McKennee, for plaintiff.
R. H. Wilson, for defendant.

GAYNOR, J. The Revised Statutes did not require that an infant over 14 years of age must unite in the petition to sell his real estate. 2 Rev. St. (1st Ed.) p. 194, § 170 et seq. But there was afterwards a rule of court that he should do so. Rule 58 of the General Rules of Practice prior to 1880. The framers of the second part of the Code of Civil Procedure, adopted in 1880, essayed to embody the provisions of both the said sections of the Revised Statutes and of the said court rule in section 2349 of the said Code, as is shown by their note thereto (Throop's Ann. Code). And the section itself shows that that was done. It makes no exception if the petition be by the general guardian. Whether by the general guardian, or the guardian of the property, or a relative or friend, of the infant, the petition is made in his behalf. The contention that the petition when by the general guardian, or guardian of the property, is not in behalf of the infant, but in behalf of such guardian, and that therefore the sentence of the said Code section, "Where the application is in behalf of an infant of the age of fourteen years or upwards, the infant must join therein," does not apply, but only when the petition is by a relative or friend, is fanciful. It applies to the application by whomsoever made. When the requirement was only a rule of chancery it seems the court could dispense with it (Cole v. Gourlay, 79 N. Y. 527); but not now that it is a statute. It is jurisdictional.

Judgment for the plaintiff.

Judgment for plaintiff, without costs, in accordance with the terms of submission. All concur.