In the Matter of the Application of JOHN F. McINTYRE for an Absolute Writ of Prohibition against HON. S. NELSON SAWYER, Justice of the Supreme Court of the State of New York, or Any Other Justice Who May Be Holding the Alleged Extraordinary Trial Term of the Supreme Court, Appointed to Be Held on the 7th day of August, 1917.

THE PEOPLE OF THE STATE OF NEW YORK and JAMES A. DELEHANTY, Opposed.

First Department, August 16, 1917.

Courts — extraordinary term of Supreme Court proclaimed by Governor — objections to jurisdiction — writ of prohibition — failure to publish notice of extraordinary term as required by Governor.

*It seems*, that if an extraordinary term of the Supreme Court proclaimed by the Govenor has been properly convened objections to the jurisdiction of the term cannot be founded upon the contention that an action has abated, or has been discontinued by reason of the substitution of attorneys for the plaintiff, or that the case has not been properly noticed for trial, for the court is competent to pass upon these questions and any erroneous ruling by it can be cured by an appeal. Hence, a writ of prohibition will not issue on the grounds aforesaid.

The determination of the Governor as to the necessity for the appointment of an extraordinary term of the Supreme Court, under the authority of section 153 of the Judiciary Law, is not reviewable.

As section 153 of the Judiciary Law provides that notice of such extraordinary terms of the court shall be given in such manner as in the opinion of the executive the public interests require, where the Governor has directed that the notice be published in two newspapers, but the notice was published in one paper only, the extraordinary term was not properly convened and, as the justices appointed have no jurisdiction, a writ of prohibition should issue to prevent action by them.

Said writ should issue, although one extraordinary term appointed by the Governor was noticed by a single publication and a subsequent term to be presided over by a different justice was also noticed by a single publication, if the second order for the term did not refer to the first order.

RETURN of an order to show cause why an absolute order of prohibition should not issue commanding the respondents, The People of the State of New York and James A. Delehanty,

to desist and refrain from taking any further proceedings in an action in the nature of quo warranto brought by The People of the State of New York on the relation of James A. Delehanty and by said Delehanty against John F. McIntyre at an extraordinary Trial Term of the Supreme Court appointed to be held on the 7th day of August, 1917.

*James A. Foley, John G. Saxe* and *Herbert Limburg,* for the relator.

*Henry S. Wise, Albert S. Bard* and *Leonard J. Obermeier, Deputy Attorney-General,* for the respondents.

LAUGHLIN, J.:

Counsel for the relator asks for the writ of prohibition upon three grounds. By consent of counsel and the court, the application has been made somewhat informally. Some of the facts are shown by affidavits and others were conceded on the argument and are matters of record.

By an order or proclamation bearing date July 23, 1917, the Governor of the State appointed an extraordinary term of the Supreme Court to be held in the county of New York on the 7th day of August, 1917, to continue so long as may be necessary for the disposal of the business which might be brought before it and therein designated Mr. Justice RODEN-BECK to preside thereat; and directed that notice of the appointment be given by publication of the order or proclamation twice in each of two daily newspapers published and circulated in said county. The quo warranto action was then at issue and was noticed for trial by the Attorney-General for said extraordinary term. The executive order or proclamation convening the extraordinary term was published only in one of the papers designated therein. On the twenty-fifth of July the Governor formally revoked the designation of Mr. Justice RODENBECK to hold said term but did not revoke the appointment of the term; and on the same day by a separate executive order or proclamation containing no reference to the others, an extraordinary Trial Term of the Supreme Court was appointed for the same time and place and Mr. Justice SAWYER was therein designated to preside thereat, and that order or proclamation likewise required that

notice of the appointment be given by publishing it twice in each of the two daily newspapers in which notice of the first appointment had been required to be published. Notice of the second extraordinary term was published in one of the designated newspapers in which the other notice was not published. After service of the notice of trial for the first extraordinary term the firm of Bard & Calkins was by stipulation and order formally substituted in place of the Attorney-General as attorneys of record for the plaintiffs in the action, but prior to the return of the order to show cause the order of substitution was on stipulation formally vacated. The relator threatens to force the trial of the action at the extraordinary term appointed to be presided over by Mr. Justice SAWYER and it is contended in behalf of said justice that the court has been properly convened. Counsel for the respondent contends that the writ of prohibition should issue upon three grounds, as follows: (1) That the action abated or became discontinued by the substitution of attorneys for the plaintiffs; (2) that the action has not been properly noticed for trial; and (3) that the extraordinary term has not been properly convened and that, therefore, neither the respondent Sawyer nor any other justice of the Supreme Court has jurisdiction to try the action thereat.

The two points first stated are without merit. If the court has been properly convened it is competent to pass upon the questions as to whether the action has abated or has been discontinued or has been properly noticed for trial. If there should be any erroneous ruling on those points the relator would have a remedy by appeal and is not entitled to a writ of prohibition which only issues to restrain the assumption of authority and jurisdiction not conferred or the threatened exercise of assumed authority in excess of the jurisdiction conferred. (*People ex rel. Jerome* v. *Court of General Sessions*, 112 App. Div. 424; affd., 185 N. Y. 504; *People ex rel. Patrick* v. *Fitzgerald*, 73 App. Div. 339; *Matter of Metz* v. *Maddox*, 189 N. Y. 460; *People ex rel. Hammerstein* v. *O'Gorman*, 124 App. Div. 222; *People ex rel. Sampson* v. *Dunning*, 113 id. 35; *People ex rel. Hess* v. *Inman*, 74 Hun, 130.) Moreover, while doubtless the attempted substitution was unauthorized that neither discontinued nor abated the

action and the order of substitution having been vacated the action stands restored to its original status with the Attorney-General as attorney of record for the plaintiffs and in charge of the cause for them.

The third point, however, we think is well taken. By section 153 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35) the Governor is authorized to appoint extraordinary terms of the Supreme Court and his determination with respect to the necessity therefor is not reviewable. (*People ex rel. Saranac Land & T. Co.* v. *Supreme Court,* 220 N. Y. 487.) For the purpose, however, of insuring the honest administration of justice and maintaining the confidence of the people in the integrity of the judiciary, courts, with certain exceptions not here in point, are required to be open to the public and notice of the appointment of terms, both regular and extraordinary, is required by law to be given. Said section 153 of the Judiciary Law, which confers authority upon the executive to convene extraordinary terms of the Supreme Court, expressly enjoins upon him the duty of giving notice of the appointment of an extraordinary term, but provides that the notice shall be given in such manner as in the opinion of the executive the public interests require. It was, therefore, essential that such notice be given of the appointment of the term as the executive determined the public interests required. But, as has been seen, that was not done. The executive deemed that the public interests required that publication be made in two newspapers, but the notice was published in one only. If either order or proclamation had been published as directed, we might, in accordance with the rule that such an order if susceptible of a construction which will render it valid should be so construed (*People* v. *McKane,* 80 Hun, 322; affd., 143 N. Y. 455), be warranted in holding that the executive did not intend to create two extraordinary terms and that the sole object of the second appointment was to substitute a justice to preside; but since the second order does not refer to the first and purports to convene another extraordinary term and neither order was published as therein directed, we deem it unwise to attempt a strained construction which might affect the validity of a very long and expensive trial. We, therefore, hold that

neither extraordinary term was properly convened on August seventh, and that neither the justice designated nor any other justice has jurisdiction to proceed with the trial of said action thereat.

It follows that an absolute writ of prohibition should issue as prayed for, but without costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Writ of prohibition issued as stated in opinion, without costs.   Order to be settled on notice.