In the Matter of the Application of CHARLES H. BENE-DICT, as Committee of the Person and Property of SIDNEY J. LEVI, an Incompetent Person.

ROBERT W. GLENN, JR., Appellant; SCHENECTADY TRUST COMPANY, as Committee of the Person and Property of SIDNEY J. LEVI, an Incompetent Person, Respondent.

Incompetent persons — real property — petition for per-mission to lease real property of incompetent — power of court to permit insertion in lease of option to purchase — failure to follow procedure of court rule does not deprive court of juris-diction — control of court over proceeding exists until incom-petency ends — court has jurisdiction of application for order directing conveyance pursuant to option — remedy of lessee not confined to action for specific performance — order not discretionary so as to deprive Court of Appeals of jurisdiction to review — whether in original proceeding discretion was exercised wisely not open to review.

1. Where the petition to the County Court of a committee of the property of an incompetent person, for permission to lease his real estate for a term of years, set forth that the property in its then condition yielded but little income and that the proposed lessee was willing to lease the premises for the proposed term at a substan-tial rental and to make improvements thereto, costing large sums which at the end of the term would remain the property of the incompetent, unless the lessee exercised the option contained in the lease to purchase the property, a copy of the proposed lease, setting forth said option, being attached to the petition and proceedings having been regularly taken which resulted in an order for the execution of the lease and the confirmation of the report of such execution by the court, a contention that, because the title of the original petition

and the prayer of the petitioner speak only of a lease of the property, the court had no authority to permit an option to purchase to be inserted in the lease, cannot be maintained. Under the circumstances the court had power to direct either a sale or a lease. The court might insert such reasonable conditions in the lease as it thought proper and in view of the condition of the property, the amount of the rentals reserved and the expenditures which the tenant was to make; this particular condition was neither unusual nor unreasonable.

2. Assuming that the transaction was essentially a sale, the order was not made without jurisdiction because the facts as to the value of the property were not shown by the testimony of at least two disinterested persons. (Rules Civ. Prac. 298.) Failure to follow the procedure laid down by a mere court rule does not deprive the court of jurisdiction.

3. A contention that the original proceeding was terminated when the order was made confirming the report of the special guardian and that no jurisdiction remains which justifies the granting of an order authorizing a conveyance pursuant to the option, cannot be sustained. The application for such an order is merely a continuation of a proceeding properly begun and the court has jurisdiction to grant relief to any party involved therein.

4. Nor is the only remedy of the petitioner an action for specific performance. The Supreme Court and in proper cases the County Court has now jurisdiction over the property of incompetents formerly vested in the chancellor. The estate need not be depleted by the costs and expenses of an action in equity.

5. The denial of the motion for an order directing conveyance of the property was not within the discretion of the County Court and the Appellate Division and so not reviewable by the Court of Appeals. The lessee was entitled to such an order and relief as a matter of right. While the interests of the incompetent are to be considered, no facts being at issue upon this application, the action taken by the courts below did not rest in their discretion. Nor may the Court of Appeals now inquire whether in the original proceeding the discretion which undoubtedly did rest with the court was exercised wisely or unwisely. That matter has once for all been finally adjudicated.

*Matter of Benedict*, 208 App. Div. 823, reversed.

(Argued January 21, 1925; decided February 25, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 8, 1924, which affirmed an order of the

Schenectady County Court denying an application for an order directing the committee of an incompetent to convey certain real property in conformity with an option contained in a lease thereof.

*Roland Ford* and *Melvin T. Bender* for appellant. The option when acted upon may be required to be specificially performed. (*Hamilton College* v. *Roberts*, 223 N. Y. 56.) The court had jurisdiction of the persons and the subject-matter in the original proceeding. (Code Civ. Pro. §§ 2345–2364; *Windsor* v. *McVeigh*, 93 U. S. 277; *Battell* v. *Torrey*, 65 N. Y. 294; *Matter of Valentine*, 72 N. Y. 184; *Elwood* v. *Northrup*, 106 N. Y. 172; *Losey* v. *Stanley*, 147 N. Y. 560; *Yates* v. *Yates*, 211 N. Y. 163; *People ex rel. Kuhn* v. *P. E. House*, 133 N. Y. 207; *Blakeley* v. *Calder*, 15 N. Y. 617.) The application for an order directing a conveyance of the incompetent's interest in the real estate was properly made in the proceeding in which the order authorizing the lease was made. (*Danahy* v. *Fagan*, 63 Misc. Rep. 658; *Matter of Fagan*, 137 App. Div. 920; *Matter of Price*, 67 N. Y. 231; *Matter of Valentine*, 72 N. Y. 184.) A new proceeding to sell was not necessary. (*Matter of Price*, 67 N. Y. 231.)

*James A. Van Voast* for respondent. There was no jurisdiction in the court in the former proceeding to order or authorize a sale of the incompetent's interest in the premises in question. (*Losey* v. *Stanley*, 147 N. Y. 560.)

ANDREWS, J. In 1919 two brothers, Sidney and Albert J. Levi, owned as tenants in common a lot in the center of the business district of Schenectady. On it was a large old-fashioned dwelling. The property was only suitable for business purposes but it could not be so used unless it was converted into stores at a large expense. Although worth $80,000 it could then be rented for but $400 a year, while the annual carrying charges were $2,500. Under such circumstances it was proposed to lease it to one Robert Glenn for twenty-five years, all

1925.]                    Opinion, per ANDREWS, J.           [239 N. Y. 440]

taxes, insurance, repairs and other expenses to be paid by the tenant so that the lessors might receive a net annual rent of $5,000. Obviously in view of this rental, changes and improvements were required. They were to be made by the tenant subject to the approval of the landlords and the understanding was that at least $20,000 was to be so expended. At the termination of the lease these improvements were to become the property of the lessors. But as usually happens when such terms are imposed the lessee was to be given an option to buy the property during his lease at a price varying from $85,000 to $95,000. In many other respects the rights of the owners were amply protected.

Not unnaturally Albert J. Levi and the wives of the two brothers expressed their approval of this lease and signed it. Some time before, however, Sidney J. Levi had been adjudged an incompetent and one Benedict had been appointed a committee of his person and estate. Section 2348 of the Code of Civil Procedure authorized such a committee to apply to the court for an order directing that the real estate of the ward be leased or sold where the latter's interest would be substantially promoted because the property was wholly unproductive or because of other peculiar circumstances. Acting under the authority so conferred Mr. Benedict presented his petition to the County Court. It was entitled: " In the matter of the application of Charles H. Benedict, as committee of the person and property of Sidney J. Levi, an incompetent person, to lease real estate belonging to said incompetent for a term of years," and it set forth the facts that have been stated. The proposed lease was also referred to in the petition and was attached thereto. Thereupon an order was made appointing Mr. Benedict a special guardian of the incompetent " for the purpose of leasing and conveying such premises," and referring the matter to a referee to inquire into the merits of the application. A hearing was had, but one witness being

sworn, who testified, among other things, that the whole
property was worth $80,000.   The lease itself was received
in evidence.   The referee reported favorably, stating the
value of the incompetent's interest to be $40,000 and
that the terms and conditions upon which the property
was to be disposed of were set forth in the proposed lease
submitted to the court.   Thereupon the report was con-
firmed and the special guardian was directed " to contract
for the lease and conveyance " of all the right, title and
interest of the incompetent in the property at a sum not
less than its value as set forth in the report and upon
the terms and conditions specified therein.   But before
executing " any lease or instrument of conveyance " the
guardian must make an agreement and again report its
terms and conditions.   Later the guardian did make such
agreement and submitted to the court his report.   He
set forth the terms of the proposed lease including the
option to purchase and presented the agreement itself
containing the same option to the court.   He further
stated that these were the best terms he could obtain.
There followed an order directing the execution of the
lease upon the terms contained in the agreement.   Next
the guardian reported the execution of the lease and the
report was confirmed.

Mr. Glenn entered into possession on May 5, 1919,
and expended at least $20,000 in improvements.   In
August Mr. Benedict died and the Schenectady Trust
Company was appointed committee of the person of the
incompetent in his stead.   In 1923 the tenant desired
to exercise his option to purchase for $85,000 and the
brother and the two wives were willing to execute the
deed but the trust company refused to do so without
an order of the court.   The lessee, therefore, presented
his petition asking that such an order be granted.   The
trust company answered denying the power of the court
to make the order and questioning the validity of the
original proceedings.   The court denied the application

and the Appellate Division unanimously affirmed this result. We granted permission to appeal to this court.

We are not informed as to the theory upon which the courts below have acted. We assume, however, that they approved of some or of all of the various contentions presented by the respondent. It is, therefore, necessary for us to examine these questions.

1. It is said that because the title of the original petition and the prayer of the petitioner speak only of a lease of the property of the incompetent the court had no authority to permit an option to be inserted in the lease. We think that it had. Under the circumstances the court had power to direct either a sale or a lease. Again and again its attention was called to the proposed lease. The special guardian was named " for the purpose of leasing and conveying " the premises. He was later directed " to contract for the lease and conveyance." With all this before it even were there error in the title of the proceeding we think it immaterial. There is no possibility that the court was misled thereby. Further we are not convinced that such error existed. The document was primarily a lease and a lease made upon the condition that an option be given. The court might insert such reasonable conditions in the lease as it thought proper. (Code Civ. Pro. sec. 2355.) Clearly in view of the condition of the property, the amount of rental reserved and the expenditures which the tenant was to make this particular condition was neither unusual nor unreasonable. It was such a condition as might naturally be expected.

2. Assuming as the respondent maintains that this was essentially a sale, the order was not made without jurisdiction because the facts as to the value of the property were not shown by the testimony of at least two disinterested persons (Court Rule, 56). Failure to follow the procedure laid down by a mere court rule does not deprive the court of jurisdiction. An order made

upon less evidence than the regulation requires may not be attacked in this proceeding. (*Cole* v. *Gourlay*, 79 N. Y. 527.)

3. It is claimed that the original proceeding was terminated when the order was made confirming the report of the special guardian. No jurisdiction remains which justifies the granting of the order here sought. We do not agree with this proposition. Control of the court over the proceeding exists until the incompetency ends. (Code Civ. Pro. sec. 2361; Civ. Prac. Act, sec. 1403; *Matter of Price*, 67 N. Y. 231; *Matter of Valentine*, 72 N. Y. 184.)

4. The proceeding was begun by a petition of the committee of the incompetent as authorized by section 2349 of the Code. The present application is not a new proceeding only to be initiated by persons mentioned in that section. As we have said, it is merely a continuation of a proceeding properly begun and the court has jurisdiction to grant relief to any party involved therein and that relief may not be demanded only by the person against whom it is sought.

5. Nor is the only remedy of the petitioner an action for specific performance. The Supreme Court and in proper cases the County Court has now jurisdiction over the property of incompetents formerly vested in the chancellor. (*Matter of Blewitt*, 131 N. Y. 541; Code Civ. Pro. sec. 2320; Civ. Prac. Act, sec. 1356.) This jurisdiction it exercises through its committee. (Code Civ. Pro. sec. 2322; Civ. Prac. Act, sec. 1358.) It should preserve the property from waste or destruction. (Code Civ. Pro. sec. 2321; Civ. Prac. Act, sec. 1357.) The committee is subject to the control of the court with respect to the exercise of his duties. (Code Civ. Pro. sec. 2339; Civ. Prac. Act, sec. 1377.) He may be compelled by order to execute a conveyance in certain cases where the incompetent would have been obligated to make the same. (Code Civ. Pro. sec. 2344a; Civ. Prac.

1925.]                    Opinion, per ANDREWS, J.          [239 N. Y. 440]

Act, sec. 1384.) We have no doubt that where under a contract authorized by the court a committee is bound to execute a conveyance he may be compelled to act by order. The estate need not be depleted by the costs and expenses of an action in equity, even if such action might be brought under section 1385 of the Civil Practice Act.

6. Nor was the denial of the motion within the discretion of the County Court and the Appellate Division, and so not reviewable by us. To the order he desires the petitioner is entitled as would be a party to a judgment in an action for specific performance where a legal contract is shown and it is not unfair or inequitable. Then relief is decreed as a matter of right. (*Margraf v. Muir*, 57 N. Y. 155; *Losee v. Morey*, 57 Barb. 561, and cases cited.) Here it is true we deal with the property of a ward. His interests are to be considered and an order equivalent to a decree for specific performance will not be granted unless the contract was such as would be made by a guardian acting for his best interests. In many cases it may be incumbent upon the petitioner to show this fact. (*Sherman v. Wright*, 49 N. Y. 227.) But here a court having jurisdiction has examined the contract. It approved and authorized it to be made. It has determined that the interests of the incompetent will be substantially promoted by the lease as a whole. Doubtless there are conditions favorable to the lessee that might be stricken out with advantage to the incompetent. Could possession be retained and rent still exacted it would be so. This, however, is not the test when inquiry is made as to whether the conveyance is for the interests of the ward. Upon this application, no facts being at issue, we think the action to be taken by the courts below did not rest in their discretion.

7. Finally we may not now inquire whether in the original proceeding the discretion which undoubtedly did rest with the court was exercised wisely or unwisely. That matter has once for all been finally adjudicated.

The order of the Appellate Division and that of the County Court must be reversed, with costs in all courts, and an order entered granting the petitioner the relief demanded by him, with ten dollars costs. Costs payable out of the estate.

Hiscock, Ch. J., Cardozo, Pound, Crane and Lehman, JJ., concur; McLaughlin, J., absent.

Ordered accordingly.