THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LUCIANO, Relator, *v.* THOMAS H. MURPHY, Warden of Clinton Prison, Respondent.

County Court, Clinton County, August 24, 1936.

*James M. Noonan,* for the petitioner.

*Charles Luciano,* petitioner in person.

*John J. Bennett, Jr., Attorney-General* [*Victor F. Boire, Caleb Candee Brown, James L. Delaney* and *Patrick H. Clune, Assistant Attorneys-General,* of counsel], for the respondent.

*Thomas E. Dewey, Deputy Assistant District Attorney* [*Jacob J. Rosenblum, Deputy Assistant District Attorney,* of counsel], for New York county.

CROAKE, J.   The relator was presented before this court pursuant to a writ of habeas corpus duly issued.   There can be no doubt that the writ was properly issued, and even mandatory, as the relator complied in all respects with the sections of the Civil Practice Act in making application.

The relator was convicted at an Extraordinary Trial Term of the Supreme Court.   The fact that the trial was held at an Extraordinary Term does not affect jurisdiction of the court.   Under our law the determination of whether there is necessity for such an Extraordinary Term rests with the Governor alone.   These considerations add nothing to and subtract nothing from the power of

the court, once it has been created. It is then a term of Supreme Court with the same jurisdiction that belongs to any other term. (*People ex rel. Saranac Lake & T. Co.* v. *Supreme Court*, 220 N. Y. 487.)

In his argument the relator rested solely upon the contention that the amendments to section 279 of the Code of Criminal Procedure, and to section 2190 of the Penal Law, as effected by chapter 328 of the Laws of 1936, were and are *ex post facto*, and, therefore, unconstitutional and void. He urges, however, that this contention is true only so far as he is concerned and does not raise the proposition that the amendments are unconstitutional as being *ex post facto* as they may apply to prosecutions arising in the future. He contends that the crimes charged in the indictment, drawn pursuant to section 279 of the Code of Criminal Procedure, were committed prior to the effective dates of the amendments, and that to apply such sections retroactively to his case was in contravention of his rights under the Constitution of the United States.

This court, therefore, is confined in its consideration of the matter to the contentions as raised, to wit: Were these amendments *ex post facto* as to the relator herein? Was the court without jurisdiction to try the relator and pronounce sentence and enforce its judgment in view of these considerations? And further may these questions be passed upon in this proceeding?

The amendment to section 279 of the Code of Criminal Procedure, which is herein questioned, is, " provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character  *  *  *  the court in the interest of justice and for good cause shown, may, in its discretion, order that the different charges  *  *  *  be tried separately."

Section 2190 of the Penal Law was amended by chapter 328 of the Laws of 1936, effective April 9, 1936, by adding the following paragraph:

" 4. Where a person is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment or information, or in separate indictments or informations, consolidated for the purposes of trial, the court may impose a separate sentence for each offense of which he is so convicted, and the court may order such sentences or any of them, if imprisonment is imposed, to be served concurrently or consecutively."

The United States Supreme Court has, by many decisions, held that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burden-

some punishment for a crime after its commission, or which deprives one charged with crime of any defense available according to law at the time the act was committed, is prohibited as *ex post facto*. Just what limitations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be impressed in a formula or stated in a general proposition; the distinction is one of degree. (*Beazell* v. *Ohio*, 269 U. S. 167.)

The courts have uniformly held that the hearing of habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed questions of law where they relate to the sufficiency of the indictment or the validity of the statute on which it is based. (*Henry* v. *Henkel*, 235 U. S. 219.) This has been uniformly held by the courts of this State. (*People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541; *People ex rel. Haines* v. *Hunt*, 229 id. 419.)

Jurisdiction of the subject-matter is based upon the authority to hear and determine offenses of the class or grade charged in an indictment and is not dependent upon the facts appearing in the case. (*People* v. *Perrin*, 170 App. Div. 375, 376.)

The amendments to the statute, herein involved, do not make criminal that which was innocent when done; did not make more severely punishable that which had been done; nor, in the opinion of this court, did they deprive the accused of any defense previously available to him. It changed the method of accusing the relator, the then defendant, of having committed certain crimes. The sentence imposed, under certain circumstances, is no other than could have been imposed under section 2190 before it was amended. (*People* v. *Ingber*, 248 N. Y. 302.)

Another question is presented here which should be perhaps the main consideration of this court, and that is the extent which the relator, at his trial, pressed the question, in arguing his demurrers to the lengthy indictment, of the constitutionality of the sections herein involved. The record discloses that the question was raised and the court held, in effect, that the constitutional rights of the relator herein, the then defendant, were not contravened by the statutes under which the indictment was drawn. In any event, the court proceeded and the relator was tried and convicted. This being so, it would seem to this court that the relator's remedy was, and is, by an orderly appeal. This court has similar jurisdiction, in this instance, to the court in which the relator was tried and convicted and, therefore, could not reverse that decision, the appellate courts having that province under our laws. The relator contends

that the jurisdiction of the trial court was only self-asserted jurisdiction. It was jurisdiction taken by a regularly constituted term of the Supreme Court. In this connection, the amended statutes maintained in the court its discretionary power to order separate trials on different counts of the indictment. If this discretion is abused, the remedy is by appeal and not by a writ of habeas corpus. This court feels that the changes in the statute, being procedural, did not effect any deprivation of a substantial right of the relator.

The amendments to the Code of Criminal Procedure and to the Penal Law are not *ex post facto* in this instance. The court was a regularly constituted term of Supreme Court and had jurisdiction of the person of the relator, and of the subject-matter. It had a right to try the relator, then defendant, pronounce sentence and enforce its judgment. The sole function of a writ of habeas corpus is to release from unlawful imprisonment. The court had a right to impose at least one sentence. It appears that the relator is detained by virtue of a final judgment of a court of competent jurisdiction. Every presumption must be indulged in in support of the judgment; error, or the abuse of discretion, does not constitute the want of jurisdiction. (*People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541; *People ex rel. Scharff* v. *Frost*, 198 N. Y. 110.) If the relator is entitled to any relief under writ of habeas corpus, he is not entitled to that relief at this time. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

The court has no alternative but to remand the prisoner unless it affirmatively appears that there was a want of power or jurisdiction to render the judgment. There is no such want of power or jurisdiction to render the judgment herein.

The writ is dismissed and the relator remanded to the custody of the respondent, as warden of Clinton Prison.