**UNITED STATES ex rel. Joseph MONTY, Petitioner,**

v.

**Adam F. McQUILLAN, Warden, Queens House of Detention for Men, Long Island City Branch, New York, N. Y., Respondent.**

No. 74-C-1337.

United States District Court, E. D. New York.

Dec. 19, 1974.

---

3. See Memorandum in Support of Defendants' Motion to Dismiss, note 15.

Spiros A. Tsimbinos, Jackson Heights, N. Y., for petitioner.

Maurice H. Nadjari, Deputy Atty. Gen., for respondent, by Stephen P. Sawyer, Sp. Asst. Atty. Gen., of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

This habeas corpus proceeding is brought by a petitioner, who has been convicted in the Supreme Court, Queens County, for receiving bribes and receiving rewards for official misconduct. He attacks the assignment of a particular judge to try the case, and errors at the trial.

### Background of Facts

Governor Rockefeller by Executive Order No. 57 dated September 19, 1972, directed the Attorney General to appear before an Extraordinary Special and Trial Term of the Supreme Court, Queens County, to inquire into corrupt acts and omissions by public servants or former public servants in the County of Queens, relating to the enforcement of law or the administration of criminal justice. The Governor designated Mr. Justice John M. Murtagh of the Supreme Court, New York County, to hear all cases arising out of the Extraordinary Special and Trial Term. Attorney General Lefkowitz appointed Maurice H. Nadjari as Deputy Attorney General to handle prosecutions.

Petitioner was the Chief Rackets Investigator in the Queens County District Attorney's office. The substance of the charges against him was that he received free use of Avis rental cars. It was charged that he assisted Avis in the collection of debts owed to it by threats of prosecution, and that he gave help to Avis in other ways.

### Legal Issues

Petitioner asserts first, that the designation by the Governor of a particular justice to try all cases brought by the Special Prosecutor violates the requirements of due process and equal protection of the law under the Fourteenth Amendment of the United States Constitution.

Petitioner also raises issues concerning trial errors, particularly the refusal of the Judge to poll the jury containing a certain newspaper article, and permitting testimony concerning the statement of a co-conspirator.

### Statutory Provisions

The Nadjari appointment was made pursuant to Section 63(2) of the Executive Law of New York, McKinney's Consol.Laws, c. 18, which states that:

The attorney-general shall: . . .
2. Whenever required by the governor, attend in person, or by one of his deputies, any term of the supreme court or appear before the grand jury thereof for the purpose of managing and conducting in such court or before such jury criminal actions or proceedings as shall be specified in such requirement; . . . .

The appointment of a judge to preside at such an Extraordinary Term is specifically authorized under Article VI, Section 27 of the New York Constitution, which provides:

The governor may, when in his opinion the public interest requires, appoint extraordinary terms of the supreme court. He shall designate the time and place of holding the term and the justice who shall hold the term.

The constitutional provision is implemented by Section 149(1) of the New York Judiciary Law, McKinney's Consol.Laws, c. 30, which specifies that the Governor must name the justice who shall hold or preside at the Extraordinary Term.

### Discussion of Authorities

Petitioner asserts that the designation of a particular judge by the Governor violates the Rules of the Queens County Supreme Court, which, like the Individual Assignment Rules of this court, provide for random assignment of cases to judges. This raises merely a question of state law. No authority is given for the suggestion that the Rules of the Supreme Court in a particular county would have greater weight than a provision of the state constitution. It is necessary therefore to consider the due process and equal protection arguments.

1. This appears to be the first time that the Governor's appointment of a justice to hold an Extraordinary Term has been challenged in the federal court.

The power has been exercised for more than half a century. The usual practice has been for the Governor to designate a justice from a district different from that in which the court is held, a practice which he followed in this case.

A challenge to the practice, as applied to a civil case, was rejected long ago by the New York Court of Appeals. People ex rel. Saranac Land Timber Co. v. Supreme Court, 220 N.Y. 487, 116 N.E. 384 (1917—Cardozo, J.). Other New York cases have repeatedly sustained the exercise of jurisdiction of criminal cases at extraordinary terms, in a variety of circumstances. People v. Davis, 67 Misc.2d 14, 322 N.Y.S.2d 927 (Sup.Ct.Ont.Co. 1971); (denying motion to dismiss indictment); People ex rel. Luciano v. Murphy, 160 Misc. 573, 290 N.Y.S. 1011 (County Ct. Clinton Co. 1936—Croake, J.) (denying habeas corpus after conviction); People v. Gillette, 191 N.Y. 107, 118, 83 N.E. 680 (1908) (affirming conviction); See Matter of McIntyre v. Sawyer, 179 App.Div. 535, 538, 166 N.Y.S. 631 (1st Dept. 1917) (finding inadequate publication of notice).

The *Saranac* case was cited with approval by the United States Supreme Court in Johnson v. Manhattan Railway Co., 289 U.S. 479, 501 n. 15, 53 S.Ct. 721, 729 n. 15, 77 L.Ed. 1331, in holding that Senior Circuit Judge Manton had authority to assign himself to hold a district court when he deemed the public interest required, and to select equity receivers for Interboro Rapid Transit Company. The criticisms which the court made of Judge Manton's wisdom in so acting (289 U.S. at 504–505, 53 S. Ct. at 730–731) have no application here.

The Judicial Conference of the United States on October 29, 1971 recommended special assignment in particular cases and called for a program for the prompt disposition of "protracted, difficult or widely publicized cases." An attack on the constitutionality of a district court order implementing this resolution was rejected by the Executive Committee of the District Court for the Northern District of Illinois in United States v. Keane, 375 F.Supp. 1201, N.D.Ill.1974. On request of the United States Attorney, and without notice to the defendant, the chief judge of the district had identified the case as one that would be protracted, difficult and widely publicized and designated Judge Decker to try the case, instead of following the local rule for random assignment of judges in civil and criminal cases. The court held (375 F.Supp. at 1204):

> As the defendant concedes, due process does not accord him a right to have a judge assigned to his case on a random basis. Nor does it require a hearing on the issue of whether defendant's case will be protracted, difficult or widely publicized.

> Due process does require that criminal defendants be accorded a fair trial before an impartial judge. But a defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge.

Similarly in United States v. Simmons, 476 F.2d 33, 35 (9th Cir. 1973), the reassignment of a case to a specific judge was upheld against the contention that the defendant had an absolute right

to a random selection of a judge under the local rules. See also United States v. Torbert, 496 F.2d 154, 156–157 (9th Cir. 1974).

 No substantial charge of actual bias is made against Mr. Justice Murtagh. The general rule is that questions whether it would be improper to sit in a particular case are "a matter confided to the conscience of the particular judge." Weiss v. Hunna, 312 F.2d 711, 714 (2d Cir. 1963), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073, rehearing denied, 375 U.S. 874, 84 S.Ct. 37, 11 L.Ed.2d 104 quoting MacNeil Bros. Co. v. Cohen, 264 F.2d 186, 189 (1st Cir. 1959). Bias can be charged in any event only on a showing that it stems from an extrajudicial source and results "in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

The precedents on which petitioner relies are strikingly dissimilar from this case. In Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927), the trial judge was paid for his services only if the defendant was convicted, which raised a question of pecuniary interest that has no application here. In In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), the trial judge had himself also operated as a "one-man grand jury"; there is no combination of prosecutorial and judicial roles in this case. The case of Loper v. Beto, 440 F.2d 934, 941 (5th Cir. 1971), vacated 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), relates only to the question whether a prisoner is entitled to a hearing on parole revocation.

New York law requires that an extraordinary term designated by the Governor shall "be conducted in accordance with the rules of law governing all other terms of court with the exception of the designation of the judge." Reynolds v. Cropsey, 241 N.Y. 389, 395, 150 N.E.

303, 305 (1924). Therefore petitioner cannot claim that he is in any way deprived of equal protection of the law.

2. The trial errors complained of by petitioner do not support an application for habeas corpus.

The question whether Justice Murtagh should have polled the jury with respect to whether they had read certain news articles is a matter clearly within the discretion of the trial court.

The use of testimony concerning statements made by co-conspirator Fred Massaro is not a violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), as claimed by petitioner. On the contrary, it is a mere application of a long recognized exception to the hearsay rule, which has been most recently sustained by the Supreme Court in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), denying an attack based on the *Bruton* rule.

It is ordered that the petition be dismissed.