OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted and tried on charges of murder, attempted murder and possession of a weapon stemming from an incident in which two men were shot, one of them fatally. At trial defendant raised justification, claiming that he came to the defense of another and joined an altercation upon observing two brothers attacking that other person with a stick. Defendant claimed the two brothers then came at him, one swinging a bat and the other wielding a cleaver.
On cross-examination, the prosecution impeached defendant’s testimony by introducing into evidence a portion of defendant’s postarrest statement to the police in which he stated that the two brothers were striking the other man with their bare hands and not with a stick.
Defendant argues that it was reversible error for the Trial Judge, over objection, to refuse on redirect to admit his entire statement after a portion was used on cross-examination because it could have left the jury with the erroneous impression that he never told the police that the two brothers were armed as they approached him.
The issue of whether the brothers used a stick or their bare hands when attacking the other person is distinct from the question of whether the two were armed when they approached the defendant. The portion of the postarrest statement used on cross-examination was properly admitted as a prior inconsistent statement only to impeach that portion of defendant’s trial testimony concerning the attack on the third person. Had the defendant advanced a proper foundation, other relevant portions of the statement might have been properly admitted on the unrelated issue of whether the two men were armed when they approached defendant. This was not done. Instead, when asked by the Trial Judge for the purpose of admitting the entire statement, defendant argued only that the statement was "relevant”. Relevance alone is an insufficient basis for admitting a prior consistent statement, *641 and the mere fact that a portion of a statement is raised by the prosecutor to impeach defendant on a particular issue does not entitle defendant to bolster his own credibility by introducing other portions containing prior consistent statements on unrelated matters.
We have examined defendant’s other contentions and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.