■ In the Matter of Stanton Corporation, Respondent, v Department of Labor of the State of New York et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Michael Dontzin, J.), entered July 14, 1989, which ordered the respondent Department of Labor of the

State of New York (DOL) to process all requests for targeted jobs tax credits heretofore not processed due to employer utilization of The Stanton Survey and enjoined respondent from refusing to act properly upon future requests for targeted jobs tax credit certifications by employers using The Stanton Survey (Survey), unanimously affirmed, without costs.

Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus seeking, among other things, to enjoin respondent from denying services to employers using The Stanton Survey, a questionnaire designed and marketed by petitioner to screen job applicants.

In its original form The Stanton Survey inquired of alcohol and other drug use, and past incidents of theft, which prompted the DOL's deputy director, respondent Sybil Joshua, to request an opinion from general counsel of the State Division of Human Rights with regard to the legality of The Stanton Survey.

In a letter dated November 18, 1986, general counsel of the New York State Division of Human Rights responded, stating that questions in the Survey regarding drug and alcohol use were overly broad and thus might be revelatory of a person's medical condition which was subject to the disability provisions of the Human Rights Law. On the basis of this letter, the DOL began denying job services to all employers who used The Stanton Survey. Petitioner then contacted respondent Joshua and offered to remove questions concerning drug and alcohol use from The Stanton Survey if the DOL would rescind its policy of refusing services to employers who used the Survey. The DOL then inquired of the State Division of Human Rights as to whether or not the Survey in the amended form would violate this State's Ex-Offender Law (Executive Law § 296 [15]; Correction Law §§ 752-753).

In a letter dated June 28, 1988, the deputy counsel for the New York State Division of Human Rights responded, suggesting that the questions in The Stanton Survey dealing with the theft of cash or merchandise should be viewed as having the purpose or effect of avoiding the consequences of the Ex-Offender Law and should be deleted. The State Division of Human Rights, however, did not issue an opinion with respect to the balance of the questionnaire and specifically stated that in the event an actual complaint were filed for an alleged violation of the Human Rights Law, the Division would have to investigate it and base its determination on all the relative facts and circumstances. Nevertheless, based, in part, upon

the opinion letter, the DOL continued to deny job services to employers using The Stanton Survey. Petitioner commenced this article 78 proceeding seeking a judicial determination that The Stanton Survey, as amended, did not violate the Ex-Offender Law; to enjoin the DOL from refusing to act upon requests for targeted jobs tax credit certification for employers using The Stanton Survey; and requiring the DOL to act promptly upon all such requests. The IAS court granted the petition, in part, to the extent that it ordered the DOL to process all requests for targeted jobs tax credits previously not processed due to the employers' use of The Stanton Survey and enjoined the DOL from refusing to act promptly upon future requests for targeted jobs tax credit certifications by employers using The Stanton Survey.

In granting the petition, the IAS court determined that petitioner had standing to challenge the denial of targeted jobs tax credits, and that the DOL had acted outside the scope of its authority in so doing. We agree.

Having determined that the use of The Stanton Survey or certain portions thereof by prospective employers would violate the State's Ex-Offender Law (Correction Law §§ 752-753; Executive Law § 296 [15]), the interests espoused by the proposed petitioner fall within the "zone of interest" protected by statute. *(See, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158, 164.)

Section 752 of the Correction Law makes it unlawful to deny employment "by reason of the applicant having been previously convicted of one or more criminal offenses" or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses. The statute (Correction Law §§ 752-753) makes exception for a finding that there is a direct relationship between the previous offense and the specific license or employment sought or where the granting of the employment would involve an unreasonable risk. The statute sets forth various factors to be considered concerning screening of prospective job applicants. Petitioner's Survey provides the basis for employers to evaluate such applicants. The question presented is whether the agency acted outside the scope of its authority and acted arbitrarily in denying targeted jobs tax credits to employers using petitioner's amended Survey. 20 CFR 658.501 (a) (4) requires a final determination by an appropriate agency, in this case, the State Division of Human Rights, before the DOL may take action to deny services to offending employers. We

find that DOL's action was unauthorized. There was no final determination by the New York State Division of Human Rights, the only agency vested with authority to make such determination, which would have authorized the DOL to discontinue services. Moreover, there is nothing in the record that demonstrates that the employers who were denied services refused to alter or withdraw job orders containing the amended Survey. Nor has the DOL ever made a specific finding that exhaustion of the proper administrative procedures would have caused substantial harm to significant number of workers, so as to summarily discontinue services to employers utilizing petitioner's Survey. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.