[660 NYS2d 428]

In the Matter of COASTAL OIL NEW YORK, INC., et al., Petitioners, v HONORABLE JUANITA B. NEWTON et al., Respondents. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., Amici Curiae.

First Department, July 17, 1997

## APPEARANCES OF COUNSEL

*Lawrence S. Goldman* of counsel *(Elizabeth M. Johnson* and *William H. Devaney* on the brief; *Goldman & Hafetz,* attorneys), for Coastal Oil New York, Inc., petitioner.

*Gerald M. Labush* for Joseph Colonel, petitioner.

*Gerald B. Lefcourt, P. C.,* of counsel *(Gary G. Becker* on the brief, attorneys), for Samad Farooki, petitioner.

*Michael Kennedy* of counsel *(Dennis C. Vacco, Attorney-General,* attorney), for Honorable Juanita B. Newton and others, respondents.

*Daniel J. Horwitz* of counsel *(Robert M. Morgenthau, New York County District Attorney,* attorney), respondent *pro se.*

*Lawrence S. Feld* and *Philip R. Edelbaum* for Association of the Bar of City of New York, *amicus curiae.*

*Thomas M. O'Brien* for Legal Aid Society, Criminal Defense Division, *amicus curiae.*

*Scott H. Greenfield* for New York State Association of Criminal Defense Lawyers, *amicus curiae.*

**OPINION OF THE COURT**

Per Curiam.

■ ■ At issue in this CPLR article 78 proceeding is the alleged assignment of a criminal case to a Trial Judge in violation of the Uniform Rules for Trial Courts (22 NYCRR 200.11) and the Plan to Implement an Individual Assignment System for Supreme Court, First Judicial District, Criminal Branch, effective January 6, 1986. Whether viewed as one seeking prohibition or mandamus, the claim is not cognizable under CPLR article 78. Mandamus does not lie to compel acts, such as the assignment herein, that are entrusted to the respondent official's discretion. Mandamus is available only where the petitioner's right to performance is so clear as to admit of no doubt or controversy. (*Matter of Crain Communications v Hughes*, 74 NY2d 626, 628.) The assignment of cases to Judges is not a ministerial act but, rather, one involving discretion (*see*, 22 NYCRR 200.11 [a], [b]).

■ Prohibition is available only when a court exceeds its jurisdiction or authorized power in such manner as to implicate the legality of the entire proceeding. (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 355.) Even assuming, arguendo, that a violation of court rules occurred, it would not deprive the court of jurisdiction (*see, Matter of Benedict*, 239 NY 440, 445) or implicate the legality of the entire proceeding.

■ Furthermore, to establish standing, petitioners must demonstrate that they have or will suffer an injury as a result of the challenged conduct and that the affected interest is, arguably, within the zone of interest to be protected by the provision of law at issue. (*Matter of Stanton Corp. v Department of Labor*, 166 AD2d 331, 333.) Here, neither prong is satisfied. Petitioners allege prosecutorial Judge-shopping, which is not a cognizable injury. " 'Due process does require that criminal defendants be accorded a fair trial before an impartial judge. But a defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge.' " (*United States ex rel. Monty v McQuillan*, 385 F Supp 1308, 1310, *affd* 516 F2d 897.) There can be no due process violation without actual prejudice. Petitioners have suffered none. Their claims of prejudice are purely speculative. Nor do they even assert that any ruling made thus far by the Presid-

ing Judge has been affected by bias. The best they can muster in that regard is the claim that the Trial Judge will be predisposed to rule against them during the course of future postarraignment proceedings. There is no presumption that a Judge will be biased merely because he has been involved in prearraignment activity in connection with the investigation of the crimes charged. (*See, People v Liberatore*, 79 NY2d 208, 216-217.) Nor have petitioners demonstrated that the interest they assert in random assignment is within the zone of interest sought to be advanced by the court rules. The individual assignment rules were intended, *inter alia*, to increase efficiency and judicial accountability and contribute significantly to the administration of justice. (*See*, State of Judiciary Address by Chief Judge Wachtler, reprinted in NYLJ, Apr. 23, 1985, at 5, col 1.) There is no indication that the uniform court rules were intended to advance the personal interest of litigants, as such.

Accordingly, petitioners' writ pursuant to CPLR article 78 to prohibit the further prosecution of petitioners in violation of the rules and regulations relating to the judicial assignment of criminal cases or, alternatively, to assign randomly a Judge to preside over the subject indictment as required by the Uniform Rules for Trial Courts (22 NYCRR 200.11) should be denied, the New York County District Attorney's motion and the State respondents' cross motions to dismiss granted and the petition dismissed, without costs.

Motion on behalf of New York State Association of Criminal Defense Lawyers seeking leave to appear as *amicus curiae* granted.

SULLIVAN, J. P., NARDELLI, TOM and COLABELLA, JJ., concur.

Application for an order pursuant to CPLR article 78 denied, the cross motion granted, and the petition dismissed, without costs or disbursements. Motion on behalf of New York State Association of Criminal Defense Lawyers seeking leave to appear *amicus curiae* granted.