■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT SCHNEIDERMAN, Appellant. [743 NYS2d 437] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 15, 1999, convicting defendant, after a jury trial, of murder in the first degree (three counts), burglary in the first degree (two counts), attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts) and grand larceny, and sentencing him to an aggregate term of life imprisonment without parole, unanimously affirmed.

The court properly precluded defendant from testifying that he had told the arresting officers that the deceased police officer had shot him first. The prosecutor's cross-examination of defendant did not open the door to this hearsay statement. On cross-examination, defendant denied having made a certain remark to the arresting officers that the precluded statement

would have allegedly clarified, and the precluded statement was not necessary to clarify anything else in the cross-examination (*compare, People v Ramos*, 70 NY2d 639, *with People v Torre*, 42 NY2d 1036), or to counteract any misimpression created by the prosecution (*compare, People v Carroll*, 95 NY2d 375, 385-387). In any event, the court's ruling did not impede defendant's efforts to establish, in connection with his claimed lack of homicidal intent, that the officer-victim fired first. The precluded statement would not have been admissible for its truth (*see, People v Reynoso*, 73 NY2d 816, 819), and it was not critical to defendant's defense. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see, Chambers v Mississippi*, 410 US 284).

The court properly rejected defendant's challenge to the system by which his case was assigned to a trial justice. " '[A] defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge' " (*see, Matter of Coastal Oil N.Y. v Newton*, 231 AD2d 55, 57, *lv denied* 91 NY2d 808, quoting *United States ex rel. Monty v McQuillan*, 385 F Supp 1308, 1310, *affd* 516 F2d 897). In any event, defendant's claim that the assignment system for potential capital cases permits manipulation by the prosecutor is totally unfounded. Cases carrying the possibility of the death penalty are randomly assigned to members of a designated group of justices, and defendant's claim that the prosecutor can influence the selection process through the timing of charging decisions is without merit.

Defendant's challenges to the prosecutor's summation are unpreserved for our review because defense counsel either failed to object or, after an objection was sustained, sought no further relief, and we decline to review them in the interest of justice. Were we to review those claims, we would find that the challenged remarks were generally within the broad bounds of permissible advocacy and did not deprive defendant of a fair trial (*see, People v Galloway*, 54 NY2d 396; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Accordingly, we reject defendant's claim that he was deprived of effective assistance of counsel as the result of trial counsel's failure to object to the challenged comments. Viewing the record as a whole, we conclude that defendant received meaningful representation, and that the absence of objections to the

prosecutor's summation did not prejudice defendant's defense or deprive him of a fair trial (*see, People v Tonge*, 93 NY2d 838; *People v Benevento*, 91 NY2d 708, 713-714; *People v Hobot*, 84 NY2d 1021, 1024).

We reject defendant's challenges to the sufficiency and weight of the evidence of unlawful entry, as required for defendant's convictions of burglary and of murder committed in the course of burglary. Although defendant entered his estranged father's apartment using keys given to him by his father several years earlier, when they were on good terms and he was temporarily living in the apartment, the jury could have reasonably found that defendant no longer had any license or privilege to enter the apartment at the time of the incident and was well aware of that (*see, People v Melendez*, 206 AD2d 270, *lv denied* 84 NY2d 870).

We perceive no basis for any modification or reduction of sentence. We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.