In the Matter of CONGREGATION YETEV LEV D'SATMAR, INC., Appellant, v JACOB (JENO) (YAAKOV) KAHANA et al., Respondents. (Matter No. 1.) In the Matter of BOARD OF TRUSTEES AND OFFICERS OF CONGREGATION YETEV LEV D'SATMAR, Appellants, v JACOB (JENO) (YAAKOV) KAHANA et al., Respondents. (Matter No. 2.) CONGREGATION YETEV LEV D'SATMAR, INC., Appellant, and LUDOVICK WEISZ et al., Respondents, v 26 ADAR N.B. CORP. et al., Respondents. (Matter No. 3.) [764 NYS2d 204] —In a proceeding pursuant to CPLR article 75 to compel arbitration of claims before a rabbinical court (Matter No. 1), a separate proceeding pursuant to N-PCL 618, inter alia, to determine the validity of the election of officers of Congregation Yetev Lev D'Satmar, Inc. (Matter No. 2), and an action pursuant to RPAPL article 15 to compel the determination of a claim to real property (Matter No. 3), the petitioners in Matters Nos. 1 and 2, and Ludovick Weisz and Jacob Schonfeld, plaintiffs in Matter No. 3, appeal (1) from an order of the Supreme Court, Kings County (Jones, J.), dated January 9, 2002, which, sua sponte, transferred Matters Nos. 2 and 3 to Justice Melvin Barasch, before whom Matter No. 1 was pending, and (2), by permission of the Supreme Court, Kings County, from so much of an order of the Supreme Court, Kings County (Pesce, J.), dated February 6, 2002, as denied an application to vacate the order dated January 9, 2002, and directed that Matters Nos. 2 and 3 be transferred to Justice Barasch.

Ordered that the appeal from the order dated January 9, 2002, is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice, and leave to appeal has not been granted (see CPLR 5701 [a], [c]); and it is further,

Ordered that the appeal from the order dated February 6, 2002, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the appellants' contention, Justice Pesce, the then Administrative Judge, did not order consolidation of the pending proceedings and action. Rather, he simply transferred two of the matters to Justice Barasch pursuant to his adminis-

trative authority so that all the related matters would be before a single justice. His administrative decision is not subject to judicial review (*see People v Schneiderman,* 295 AD2d 137 [2002]; *Matter of Coastal Oil N.Y. v Newton,* 231 AD2d 55 [1997]; *Schwartz v Williams,* 124 AD2d 798 [1986]).

Further, the appellants, who themselves, in effect, requested that the cases be heard together, albeit before a different justice, are not aggrieved by the order (*see* CPLR 5511). A party does not have a "vested right to have his [or her] case tried before any particular judge, nor does he [or she] have the right to determine the manner in which his [or her] case is assigned to a judge" (*Matter of Coastal Oil N.Y. v Newton, supra* at 57 [internal quotation marks omitted]; *United States ex rel. Monty v McQuillan,* 385 F Supp 1308, 1310 [1974], *affd* 516 F2d 897 [1975]; *see People v Schneiderman, supra* at 138). Altman, J.P., Smith, McGinity and Adams, JJ., concur.