People v Jimenez-Gomez (2021 NY Slip Op 05400)





People v Jimenez-Gomez


2021 NY Slip Op 05400


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Ind No. 1916/16 Appeal No. 14320 Case No. 2017-03341 

[*1]The People of the State of New York, Respondent,
v
Braulio A. Jimenez-Gomez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at speedy trial motion; Juan M. Merchan, J. at jury trial and sentencing), rendered April 17, 2018, convicting defendant of forcible touching, endangering the welfare of a child and sexual abuse in the third degree, and sentencing him to an aggregate term of one year, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-49 [2007]). We find no basis for disturbing the jury's credibility determinations.
Defendant did not preserve his speedy trial claims, and we decline to review them in the interest of justice. Defendant made a CPL 30.30 motion asserting the People's lack of readiness, but did not, by way of a reply or otherwise, challenge the People's specifically claimed exclusions (see People v Allard, 28 NY3d 41, 46-47 [2016]). Defendant also did not make any specific assertions raising factual disputes that would require a hearing (see People v Winston, 177 AD3d 524, 525 [1st Dept 2019] lv denied 34 NY3d 1164 [2020]). As an alternative holding, we find that the motion was correctly denied. Initially, defendant did not meet his burden of demonstrating that any of the People's certificates of readiness, which are presumed truthful and accurate, were illusory (see People v Brown, 28 NY3d 392, 405 [2016]). While the court should have charged to the People an additional 20 days for the period from October 6 to October 26, 2016, that period is insufficient to affect the outcome, and the remaining periods defendant contests were excludable based on exceptional circumstances (see CPL 30.30[4][g]).
The court providently exercised its discretion in admitting the victim's text messages as excited utterances (see generally People v Brown, 70 NY2d 513, 520-22 [1987]). The statements at issue were clearly precipitated by an event that was startling and traumatic to the victim. In addition to her own testimony, her demeanor, as described by multiple witnesses, indicated that she still remained under the influence of the stress of the incident despite the lapse of time (see People v Johnson, 129 AD3d 486 [1st Dept 2015] lv denied 26 NY3d 1089 [2015]). Although some of the statements were responses to questions, this did not interrupt the stress and excitement of the underlying traumatic incident (see People v Brooks, 71 NY2d 877 [1988]).
The court properly excluded, as hearsay, defendant's videotaped exculpatory statement (see People v Reynoso, 73 NY2d 816, 819 [1988]), and there was no violation of the rule of completeness (see People v Dlugash, 41 NY2d 725, 736 [1977]). The prosecutor's use of portions of defendant's statement to impeach his credibility did not entitle defendant to introduce his entire statement to bolster his own credibility (see People v Ramos, 70 NY2d 639, 640-41 [1987]). Defendant also denied making many of the remarks used as impeachment, and the precluded statement was not necessary to clarify anything else [*2]in the cross-examination (see People v Schneiderman, 295 AD2d 137, 137-38 [1st Dept 2002], lv denied 98 NY2d 702 [2002]). Furthermore, the jury was made aware that defendant did, in fact, make a statement to law enforcement, and defendant has not established any basis for permitting him to elicit that he did so "voluntarily" (cf. People v Torres, 289 AD2d 136 [1st Dept 2001], lv denied 97 NY2d 762 [2002]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021